UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAMON TANNER,

     Petitioner,

v.                                                                   Case No. 3:21cv793-MCR-HTC

MARK INCH,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Damon Tanner, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging a 2014 Escambia County conviction for felon in possession of a firearm, raising three grounds of ineffective assistance of trial counsel. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Because Petitioner has failed to pay the filing fee or file a motion to proceed *in forma pauperis* despite several orders directing him to do so, the undersigned recommends the Petition be DISMISSED without prejudice.

Tanner's Petition was delivered to Bay Correctional Facility mail officials on May 19, 2021. ECF Doc. 1 at 17. On May 24, 2021, the Court ordered Petitioner to provide, within thirty (30) days, payment of the $5.00 filing fee or a complete motion to proceed *in forma pauperis*. ECF Doc. 3. Petitioner failed to do so in the

allotted time, and so the Court, on June 30, 2021, gave Petitioner fourteen (14) days

to show cause why the case should not be recommended for dismissal.  The Court

informed Petitioner he could discharge the order to show cause by complying with

the May 24 order in the time allotted but warned Petitioner that "failure to timely

comply with any part of this order may result in a recommendation that this case be

dismissed."  ECF Doc. 4.  Again, Petitioner did not respond, and, in fact, Petitioner

has not responded in any way since filing the Petition on May 19, 2021.

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either

Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its

docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty.*

*Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty*

*K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In

particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims

where he has failed to prosecute those claims, comply with the Federal Rules of Civil

Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also*

*Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th

Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993));

Additionally, a district court's "power to dismiss is an inherent aspect of its authority

to enforce its orders and ensure prompt disposition of lawsuits." *Brown v.*

*Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v.*

*Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

Petitioner has already been given a chance to show cause, and a magistrate judge's report and recommendation provides additional notice and opportunity to respond. Thus, this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1).

Accordingly, it is respectfully RECOMMENDED that:

1.   This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2.   The clerk be directed to close the file.

At Pensacola, Florida, this 21ˢᵗ day of July, 2021.

*/s/ Hope Thai Cannon*
_____
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv793-MCR-HTC